UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIK ANDERSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES PAROLE )<br>COMMISSION, *et al.*, )<br>)<br>Respondents. )<br>) | Civil Action No. 10-1451 (RMC) |

**MEMORANDUM OPINION**

Petitioner Erik Anderson,[1] proceeding pro se, seeks a writ of habeas corpus. He is currently incarcerated in the D.C. Central Detention Facility pursuant to a supervised release violation. Mr. Anderson contends that he should be released because the supervised release violation warrant and the revocation procedures violated the separation of powers doctrine. Respondents, the U.S. Parole Commission and Simon Wainwright (warden of the D.C. Central Detention Facility), oppose.[2] Because the law does not support Mr. Anderson's argument, his petition for writ of habeas corpus will be denied.

**I. FACTS**

Mr. Anderson was convicted of carrying a pistol without a license, possession of an unregistered firearm, and unlawful possession of ammunition. On October 5, 2006, he was

---

[1] Erik Anderson's name is sometimes spelled "Eric Anderson in the record."

[2] The only proper respondent in this case is Warden Wainwright. In habeas challenges, the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see also Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) ("When a prisoner seeks to challenge parole-related decisions, the warden of the prison and not the United States Parole Commission is the prisoner's 'custodian.'").

sentenced in Superior Court[3] to a one-year term of imprisonment to be followed by a three-year term of supervised release. He was released from prison and put on supervised release on August 15, 2007.

On May 5, 2009, the U.S. Parole Commission issued a supervised release violation warrant, charging Mr. Anderson with violating the conditions of his release by (1) failing to submit to drug testing; (2) using dangerous and habit-forming drugs; (3) violating a special condition (drug aftercare); and (4) committing various traffic law violations. The warrant was executed, and Petitioner was taken into custody on June 29, 2009.

On July 2, 2009, a U.S. Parole Commission hearing was held, and the hearing examiner found probable cause on all of the violation charges. That same day, Mr. Anderson signed an "Advance Consent to Expedited Revocation Decision," whereby he accepted revocation of his supervised release in return for a sentence on the revocation at the bottom of the reparole guideline range. On July 30, 2009, the Commission revoked Petitioner's term of supervised release and sentenced him to prison for an eight-month term, to be followed by a twenty-eight month term of supervised release. On February 26, 2010, Petitioner was released from prison and put on supervised release.

Shortly thereafter, on May 25, 2010, the Commission again issued a supervised release violation warrant. This time, the warrant charged Mr. Anderson with violating the conditions of his release by refusing to participate in the recommended drug abuse treatment. Mr. Anderson then appeared to become compliant, as his drug testing yielded negative results and he submitted to outpatient drug treatment. Thus, the Commission withdrew the warrant on

---

[3] The Superior Court Case Number is 2005 FEL 3084.

June 9, 2010, and continued Mr. Anderson on supervision.

Two months later, on August 12, 2010, the Commission yet again issued a supervised release violation warrant. This time, the warrant charged Mr. Anderson with violating the conditions of his release by (1) refusing to participate in the recommended drug abuse treatment; (2) using dangerous and habit-forming drugs; and (3) violating the law by carrying a pistol without a license, possession of a weapon by a prohibited person, and unlawful possession of ammunition. The warrant was executed, and Petitioner was taken into custody on October 6, 2010. On October 8, 2010, a U.S. Parole Commission hearing was held, and the hearing examiner found probable cause on all of the violation charges. In the midst of this last request for revocation of supervised release, Mr. Anderson filed this petition for writ of habeas corpus on August 26, 2010.[4]

## II. ANALYSIS

Mr. Anderson seeks his release, claiming that the "Supervised Release Statute under D.C. Code 24-403.01 violates the Separation of Powers Doctrine in that the provision gives the U.S. Parole Commission (USPC) the same power as is vested in the Courts." Pet. [Dkt. #1] at 1. Settled law holds to the contrary.

Parole and supervised release revocation are not part of a criminal prosecution. *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). "*Morrissey* makes clear that parole revocation is not the continuation of a criminal trial but a separate administrative proceeding at which the parolee does not possess the same rights as a criminal defendant at trial." *Maddox v. Elzie*, 238

---

[4] The revocation hearing on the August 12 warrant was scheduled for December 1, 2010. The record does not reflect the result of the revocation hearing, but it is not necessary to know the results of the hearing for the purposes of adjudicating this case.

F.3d 437, 445 (D.C. Cir. 2001). The Commission has no authority to impose a prison sentence on a D.C. Code offender after conviction of a crime; this power rests with the Superior Court. *See* D.C. Code § 11-923(b). Instead, the Commission has authority to determine the conditions of supervised release and to decide whether supervised release should be revoked for violating those conditions. *See* National Capital Revitalization and Self -Government Improvement Act of 1997, Pub. L. No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective Aug. 5, 1998); D.C. Code § 24-131.

For most purposes, supervised release is the functional equivalent of parole and the law pertaining to the revocation of parole is applicable to the revocation of supervised release. *See, e.g., U.S. v. Armstrong*, 187 F.3d 392, 394 (4th Cir. 1999); *Colts v. U.S. Parole Comm'n*, 531 F. Sup 2d 8, 13 n.4 (D.D.C. 2008). Further, the constitutional authority of a parole agency to detain a parolee and to return the parolee to prison upon an order revoking parole is well-established. "The decision as to when a lawfully sentenced defendant shall actually be released has been committed . . . to the discretion of the Parole Commission." *U.S. v. Addonizio*, 442 U.S. 178, 188 (1979). A parole commission's exercise of authority does not violate separation of powers or usurp the judicial function. *Simpson v. Ortiz*, 995 F.2d 606, 610-11 (5th Cir. 1993); *Geraghty v. U.S. Parole Comm'n*, 719 F.2d 1199, 1212 (3d Cir. 1983); *Artex v. Mulcrone*, 673 F.2d 1169, 1170 (10th Cir. 1982); *Leach v. U.S. Parole Comm'n*, 522 F. Supp. 2d 250, 251 (D.D.C. 2007).

### III. CONCLUSION

In sum, because the Commission has the authority to determine the conditions of supervised release and to decide whether supervised release should be revoked for violating those

conditions, and because the separation of powers doctrine is not violated by the exercise of this authority, Mr. Anderson's petition for writ of habeas corpus will be denied. A memorializing Order accompanies this Memorandum Opinion.

Date: December 22, 2010

/s/
ROSEMARY M. COLLYER
United States District Judge